IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00036-KDB

| TERRY GILBERT, | |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1] | |
| Defendant. | |

**THIS MATTER** is before the Court on Plaintiff Terry Gilbert's Motion for Summary Judgment (Doc. No. 11) and Defendant's Motion for Summary Judgment (Doc. No. 15). Mr. Gilbert, through counsel, seeks judicial review of an unfavorable administrative decision denying his application for a period of disability and disability insurance benefits and supplemental security income under the Social Security Act.

Having reviewed and considered the parties' written arguments, the administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, Plaintiff's Motion for Summary Judgment will be **DENIED**; Defendant's Motion for Summary Judgment will be **GRANTED**; and the Commissioner's decision **AFFIRMED**.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the Defendant in this suit.

## I. BACKGROUND

On July 26, 2018, Plaintiff filed his application for benefits under titles II and XVI of the Social Security Act, alleging that he had been disabled since July 5, 2018. (*See* Tr. 19). Plaintiff's application was denied initially and upon reconsideration. (*See id.*). After conducting a hearing on July 7, 2020, Administrative Law Judge Nancy McCoy (the "ALJ") denied Plaintiff's application in a decision dated August 12, 2020. (Tr. 19-31). On January 6, 2021, the Appeals Council denied Plaintiff's request for review. (*See* Tr. 1-3). The ALJ's decision now stands as the final decision of the Commissioner, and Mr. Gilbert has timely requested judicial review pursuant to 42 U.S.C. § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration to determine if Mr. Gilbert was disabled under the law during the relevant period.[2] At step one, the ALJ found that Mr. Gilbert had not engaged in substantial gainful activity ("SGA") since July 5, 2018, the alleged onset date; and at step two that he had the following medically determinable and severe impairments: Coronary artery disease, ischemic cardiomyopathy status post NSTEMI, CABG (coronary artery bypass graft) procedures, stent placement and ICD implantation (20 CFR 404.1520(c) and 416.920(c)).(Tr. 22). However, the

---

[2] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant is able to perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

ALJ found at step three that none of Plaintiff's impairments, nor any combination thereof, met or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. (*See* Tr. 24-25).

The ALJ then determined that Mr. Gilbert had the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except this claimant is able to lift and carry up to twenty pounds occasionally, ten pounds frequently. This claimant is able to stand and/or walk a total of two hours during the workday and sit six hours total. This claimant is able to occasionally climb, stoop, kneel, crouch, and crawl. This claimant can tolerate occasional exposure to unprotected heights and moving machinery parts. This claimant is not able to work within six feet of strong magnetic fields, such as MRI equipment, and should not work within two feet of arc welding equipment and jumper cables.

(Tr. 25),

At step four, the ALJ found that the Plaintiff was unable to perform his past relevant work as a pipe making welder, an industrial truck operator and a hand packager (*See* Tr. 29-30). At step five, the ALJ concluded that jobs existed in significant numbers in the national economy that Plaintiff — given his age (46), high school education, work experience, and RFC — could perform, including eyeglass frame polisher, addresser and press clippings cuttings and paster. (*See* Tr. 30-31). Thus, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act from July 5, 2018 through the date of his decision. (*See* Tr. 31).

### III. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th

3

Cir. 1990); *see also Bird v. Comm'r of SSA,* 699 F.3d 337, 340 (4th Cir. 2012)*; Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986), *quoting Richardson*, 402 U.S. at 401, the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*See also Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020)*; Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not the district court's place to "re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also Smith,* 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). However, in undertaking this review, "we do not reflexively rubber-stamp an ALJ's findings." *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

Plaintiff raises a number of challenges to the ALJ's decision. First, he asserts that the ALJ's decision must be remanded on constitutional grounds, specifically that the removal restriction
4

allegedly applicable to the former Commissioner who appointed the ALJ was constitutionally defective because it violated the separation of powers clause. Second, Plaintiff argues that the ALJ improperly found that he did not meet any of the listed impairments at Step 3. Third, Plaintiff alleges that the ALJ should have addressed the decision of the North Carolina Department of Health and Human Services ("NCDHHS") that Plaintiff was disabled for Medicaid purposes. And, finally, Plaintiff claims that the alternative jobs found by the Vocational Expert ("VE") are either contrary to the RFC or obsolete. For the reasons discussed briefly below, the Court disagrees with Plaintiff and finds that the ALJ decision should be affirmed rather than remanded.

The Court first finds that the Commissioner's final decision was not constitutionally defective. Recently, in *Collins v. Yellen*, 141 S. Ct. 1761 (2021), the Supreme Court held that where an unconstitutional statutory removal restriction exists, a plaintiff seeking relief on that basis must show that the restriction caused his alleged harm. In *Collins,* the Court reasoned that the relevant agency officials were "properly appointed" pursuant to a statute that exhibited "no constitutional defect in the . . . method of appointment" and that "the unlawfulness of [a] removal provision" does not "strip [an official] of the power to undertake the other responsibilities of his office[.]" The Court continued that "there is no reason to regard any of the actions taken" by the agency during this period "as void." *Id*. at 1787,1788 n. 23. In this case, Plaintiff, as in *Collins*, grounds his constitutional challenge only on the relevant removal restriction not on the propriety of the Commissioner's appointment. Yet, Plaintiff offers no evidence to show that there is a nexus between the unconstitutional removal restriction and the denial of his application for disability benefits. Plaintiff simply argues that all actions taken by the Commissioner – and in turn his appointed ALJ's – are void due to the unconstitutional removal provision. However, *Collins*

5

expressly rejects this view. *Id*. Therefore, the final decision of the ALJ is not constitutionally defective.[3]

With respect to the merits, the Court finds that there is substantial evidence to support the ALJ's conclusion with respect to her determinations that Plaintiff's impairments do not meet or medically equal listing 4.02 (Chronic heart failure) or 4.04 (Ischemic heart disease). (Tr. 24-25); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. Pt. 404, Subpt. P, App. 1 ("Listings"). The Listings describe impairments considered "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience" and most listed impairments "are permanent or expected to result in death." 20 C.F.R. §§ 404.1525(a), (c), 416.925(a), (c). Indeed, the criteria for these impairments are intended to reflect a high standard of severity because the Listings "were designed to operate as a presumption of disability that makes further inquiry unnecessary." *Sullivan v. Zebley*, 110 S. Ct. 885, 892 (1990). Most relevant here, to satisfy his burden to match a listed impairment, Plaintiff must show that his impairment meets "all of the specified medical criteria." *Id*. at 891. An impairment that manifests only some of those criteria, no matter how severely, does not qualify. *Id.* The Court finds that the Plaintiff has not established that the ALJ erred in finding that he failed to present evidence that he met all of the criteria for either of the asserted Listings.

---

[3] Indeed, Plaintiff's constitutional "removal restriction" argument is likely not even applicable to this case because ALJ McCoy was appointed by an *Acting* Commissioner of Social Security who could be removed from that office at the President's discretion. *See* 42 U.S.C. § 902(b)(4); *Collins,* 141 S. Ct. at 1783 ("[W]e generally presume that the President holds the power to remove at will executive officers and that a statute must contain "plain language to take [that power] away."); *see also United States v. Eaton*, 169 U.S. 331, 343 (1898) (holding that where a "subordinate officer is charged with the performance of the duty of the superior for a limited time, and under special and temporary conditions, he is not thereby transformed into the superior and permanent official"). Further, the Court need not and does not reach the Commissioner's additional arguments (harmless error, De Facto Officer doctrine and Rule of Necessity) in support of the constitutionality of the ALJ's ruling.

As noted, Plaintiff's third argument is that the case must be remanded because the ALJ failed to consider and give "substantial weight" to NCDHHS' decision that Plaintiff is disabled for purposes of Medicaid benefits. *See* Doc. No. 12 at 16. However, under the applicable regulations, 20 C.F.R. §§ 404.1520c and 416.920c, decisions by other governmental agencies and nongovernmental entities, disability examiner findings, and statements on issues reserved to the Commissioner (such as statements that a claimant is or is not disabled) are "inherently neither valuable nor persuasive to the issue of whether [a claimant is] disabled." 20 C.F.R. § 404.1520b(c)(1)-(3), (2017), 416.920b c)(1)-(3), (2017). Further, the regulations do not require the ALJ to provide any analysis on how another agency's findings on issues reserved to the Commissioner factored into the decision. *Id.* at § 404.1520b(c) ("we will not provide any analysis about how we considered such evidence in our determination or decision."); *Id*. at §§ 404.1504, 416.904. Rather, the regulations require only that the ALJ consider the underlying evidence that supported the other agency's finding. *Id.* Here, the Court finds that the ALJ sufficiently considered the medical evidence on which the NCDHHS relied; accordingly, the ALJ's decision should not be remanded based on any failure to discuss the NCDHHS disability finding.[4] *See* Tr. 19-20.

Finally, with respect to Plaintiff's last argument that the ALJ improperly relied on the testimony of the VE, the Court similarly finds that substantial evidence supports the ALJ's reasonable reliance on the VE, at a minimum as to the job of eyeglass frame polisher.[5] Therefore, the Court will not remand the ALJ's decision on that ground.

---

[4] Moreover, in its decision NCDHHS explicitly stated that "[t]his decision in no way affects any pending or future claims for Social Security or Supplemental Security Income benefits." Tr. 310-311. This strongly suggests that the Court should be wary of any finding that the ALJ was required as a matter of law to rely on the NCDHHS decision.

[5] Having found that the ALJ's decision can be supported based on one of the VE's suggested jobs, the Court need not reach Plaintiff's argument that the jobs of addresser and cutter and paster of press clippings were "obsolete." *See* Doc. No. 12 at 20-22.

For all the reasons stated above, the ALJ's decision will be affirmed.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED:**

Plaintiff's Motion for Summary Judgment (Doc. No. 11) is **DENIED**; Defendant's Motion for Summary Judgment (Doc. No. 15) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

**SO ORDERED ADJUDGED AND DECREED**.

Signed: January 5, 2022

Kenneth D. Bell
United States District Judge